THE STATE v. NELSON.

1. When the State demurs to the defendant's plea of *autrefois convict*, to an indictment for a capital felony, and the demurrer is overruled, this does not entitle the defendant to be discharged ; nor is it irregular in such a case to permit the State to rejoin.

2. In an indictment for a capital felony the State and the defendant both announced themselves ready for trial ; an issue was formed on the plea of the general issue, and a jury sworn and impanneled. There was also a demurrer to a plea of *autrefois convict*, which being overruled, the State was permitted to reply ; the defendant rejoined and the State demurred. After this, the defendant was permitted to take issue on the replication, and to withdraw his rejoinder. At this stage of the proceedings the State was permitted to continue for want of testimony, relating to the issue last joined. The defendant objected, but the jury was discharged and dispersed. At the next term, the defendant was convicted ; and moved these matters in arrest of judgment : *Held*, first—that an issue formed on a plea of *autrefois convict*, cannot be regularly submitted to the jury with the issue upon the plea of *not guilty*, but that the issues should be tried separately.

Second—that the impanneling of the jury upon the plea of the general issue previous to disposing of the plea in bar, was an irregularity which could be obviated only by discharging the jury.

3. That such discharge under the circumstances of the case, was not equivalent to an acquittal, nor entitled the defendant to his discharge.

From the Circuit Court of Barbour, on questions reserved as novel and difficult.

THE prisoner was indicted in Henry county for an assault, with intent to kill, committed on Williams. A change of venue was had to Barbour county, where, at the Spring Term, 1844, the proceedings were had, out of which the questions referred to this Court, arose.

It appears from the record, that the prisoner interposed a a plea of *autrefois convict*, and in this he sets out his former trial and conviction, upon an indictment for an assault, with intent to commit murder on one Williams, but in which indictment there is no allegation that Williams is a white person. The record shows also a demurrer in short by consent, and a

joinder in the same manner; but it does not show, that any judgment was given on this demurrer. After the entry of the demurrer, the State put in a replication to the plea of *autrefois convict*, which asserts that such proceedings were afterwards had upon the judgment given upon the indictment named in the plea, in the Supreme Court of this State, that such judgment was reversed, annulled, and held for naught. There is no formal issue joined on this replication, but the minutes of the Court then sets out, that "both parties announced themselves ready for trial, and after issue formed on defendant's plea of former conviction, and so soon as issue was formed thereon, the State moved for a continuance of the cause, and on sufficient showing," it was continued.

The presiding judge, however, signed a bill of exceptions, which states the proceedings had at the trial, in a manner somewhat different from that which is disclosed by the record. From this, it appears, that both parties announced themselves ready for trial ; issue was formed on the plea of the general issue, and a jury impanneled and sworn. And there was a demurrer to the plea of *autrefois convict ;* the demurrer was overruled, and the State permitted to reply. Upon this the counsel for the prisoner demanded his discharge ; this the Court refused, but permitted the State to reply to the plea. The Court then decided, that the plea of *autrefois convict*, was to be decided by the Court, and not by the jury. At this stage of the proceedings, it being the afternoon of Saturday, the Court permitted the jury to disperse under the ordinary charge as to their duty ; the counsel for the defendant refusing to assent, or dissent, to their dispersing. On the succeeding Monday morning the jury returned, and the trial was resumed. The defendant rejoined to the replication of the State, to his plea of *autrefois convict*, and the State demurred to the rejoinder; after this the defendant withdrew his rejoinder, and was permitted to take issue upon the State's replication.

At this stage of the proceedings, the Court permitted the State to continue for the want of testimony relating to the issue then last joined. This the defendant objected to, and demanded to be discharged. The Court allowed the jury to be discharged, and they dispersed; whereupon, the defendant again moved for his discharge, which was again refused.

The record further discloses, that the prisoner was tried, convicted, and sentenced upon the plea of not guilty at the Fall Term, 1844.

After verdict, he moved in arrest of judgment, the matters which had occurred at the preceding Term, and produced the bill of exceptions allowed, signed and sealed by the Judge who presided at the previous Term. The Court overruled the motion, but reserved the questions thereon arising, as novel and difficult.

Cochran argued, that when the jury was sworn, it was in point of law charged with the prisoner, and that the subsequent continuance and discharge was equivalent to an acquittal, he cited, The People v. Barrett, 2 Caines, 395; The State v. Ned, 7 Porter, 187.

The Attorney General for the State, contended—

1. That the prisoner cannot be heard to complain of the supposed irregularity, as the entire proceeding on the issue was for his benefit, and was only allowable *in favorem vitæ* after plea of not guilty. [Kinlock's case, Foster, 17; 2 Hale, 307.]

2. The rule, that a jury cannot be discharged when once charged with the prisoner, only obtains after evidence has been given. [4 Black. Com. 360; 2 Hale, 295; Ned v. State, 7 Porter, 204; People v. Goodwin, 18 John. 187; 6 S. & R. 577; 1 John. 66; 2 Gall, 364; 1 Chitty, C. L. 631; 9 Wheat. 579; 9 Mass. 494; 2 John. Ca. 307; 2 John. 275.]

GOLDTHWAITE, J.—Although it may admit of question, whether we are authorized to look into the bill of exceptions allowed at a different Term, from that in which the conviction was had, yet, as the case here has been chiefly argued on the facts therein disclosed, we shall consider the questions as if the same facts otherwise appeared on the record.

1. The first point which then arose was, whether the overruling of the demurrer interposed by the State to the defendant's plea of *autrefois convict*, was sufficient to warrant his discharge. This question, it is true, is not raised here, but in a case of this nature it is satisfactory, that every matter affecting the ultimate judgment should be considered.

There seems formerly to have prevailed, a notion, that a

criminal could be sentenced capitally for a mistake in pleading, but Hawkins very properly repudiates it, and shows that the demurrer does not conclude him from pleading over to the felony, either then or at any other time. [2 Hawk. 467, § 6.] The same author concludes, that the rule is otherwise in cases not capital. [Ib. § 7.] When it is considered, that anciently, and even now, that the pleadings in criminal cases may be *ore tenus*, (Chitty C. L. 460,) it will be evident, that a mere step in pleading cannot have the effect to prejudice either the prisoner or the State. We think the Court therefore, very properly refused to discharge the prisoner at this stage of the proceedings.

2. With respect to the main question, it is proper to ascertain the precise facts which occurred. It appears then, that both parties announced themselves ready for trial; that an issue was formed upon the plea of the general issue, and that a jury was sworn and impanneled. There was also a demurrer to the plea of *autrefois convict*, which being overruled, the State was permitted to reply. Afterwards, the defendant rejoined to the State's replication, and the State demurred to this rejoinder. After this, the defendant withdrew his rejoinder, and was permitted to take issue on the replication. At this stage of the cause, the State was permitted to continue for the want of testimony relating to the issue last joined. The defendant objected to this, and demanded to be discharged.

From this statement, it will be seen, that a very loose, not to say irregular course of proceeding, was pursued. It seems to have been assumed, that the issue growing out of the plea of *autrefois convict*, was to be submitted to the jury at the same time as the proof of the crime. All such issues, however, are collateral, and though they may be tried by the jury summoned to pass on the trial in chief, yet it is exceedingly irregular to submit them in connection with the inquiry, as to the guilt or innocence of the accused. [2 Hale, 255.] In case of felony, says Mr. Chitty, if the plea be held bad, the judgment is *respondeat ouster*, or rather, as the defendant generally pleads over to the felony, the jury are charged again, and that at the same time with the issue on the plea of *autrefois acquit*, to inquire of the second issue, and the trial proceeds as if no plea in bar had been pleaded. [Chitty's C. L. 460.] If

this author intended himself to be understood as asserting, that both issues may at the same time be submitted to the same jury, he is certainly mistaken, and the cases cited by him lend no countenance to such doctrine. On the contrary, in Capt. Roche's case, Leach, 138, where the defendant had pleaded *autrefois acquit*, and not guilty, the Court said, that putting both issues to the jury at once, would lead to the absurdity, that the jury would be obliged to find upon both; and yet if their first finding was for the prisoner, they could not go on to the second, because the first finding would be a bar. They are distinct issues, and the jury must be separately charged with them.

3. The whole difficulty in this case, is, that the jury was prematurely sworn and irregularly impanneled; as their could be no trial in chief, until the collateral issue or plea in bar was disposed of in some way. It is true, the prisoner might have waived the collateral issue, and then have had a trial of the one in chief; but the Court could not compel him to do so. The question then may be said to be varied in a very material point, and comes to no more than this, to wit: whether the Court, after falling into an irregularity, was bound to pursue it, and allow a trial upon an issue not formed when the jury was sworn.

If the question really was, that the jury had been discharged because the prosecuting officer was not prepared to proceed with the trial, we should entertain very serious doubts of the power of a Court to discharge a jury for that cause only; but it is a very different matter when, from the intervention of some irregularity in the proceedings, either a jury has been improperly impanneled, or an improper juror sworn. It is very difficult to draw a distinction between the discharge of one juror when a full jury has been selected by the prisoner, with the substitution of another against his will, and the discharge of the entire pannel after being sworn, but before any evidence offered. The case of Williams, 3 Stewart, 454, goes to this extent. There the Circuit Judge having ascertained, that one of the sworn jurors, who had been accepted by the prisoner, was not a freeholder, discharged him after eleven others had been sworn, and the effect was to force another juror on the prisoner. This Court, however, held, that the

discharge was not equivalent to an acquittal, although the sentence was reversed for irregularity. In principle, this case goes the whole length of asserting, that the irregular discharge of a juror before evidence given; does not preclude a subsequent trial.

In the present case, the prisoner never was in legal jeopardy. If the trial had proceeded immediately after the impanneling of the jury, upon the only issue which then had been formed, the judgment, as a matter of course, would have either been arrested, or reversed, for the reason that the plea in bar was not disposed of. It would also have been erroneous, for the Court to have compelled him to withdraw that plea, or even to submit to terms as the case then stood. On the part of the State, it would have been exceedingly irregular to have gone into the trial of a collateral issue, formed subsequent to the plea of not guilty. The difficulty in which the proceedings had been involved, by the irregularity of swearing the jury, when the plea in bar was not disposed of, could only be obviated by discharging them, and we entertain no doubt of the power of the Court to do so, under the circumstances of this case.

Judgment affirmed.