## FLANAGAN vs. THE STATE.

1. An indictment for an assault with intent to murder contained two counts. The judgment entry recites that "the State moved that the defendant be tried on the first count in the indictment, and that the second count be postponed until the first is disposed of, to which there was no dissent by the defendant." On the trial upon the first count, the jury found the defendant "guilty as charged in the bill of indictment," and the solicitor afterwards entered a *nolle prosequi* to the second count. *It was held*, 1. That the postponing of the second count until the first was disposed of, was an error for which the judgment of conviction must be reversed.

2. That the defendant is not precluded from taking advantage of the error, by the recital in the judgment entry that he *did not dissent* from such a course of proceeding.

3. That if the defendant had *consented* to go to trial on one count only, yet the verdict, being general, would be erroneous.

4. That the appellate court will not say, that the defendant was not injured by the error, because a *nolle prosequi* was afterwards entered to the second count.

ERROR to the Circuit Court of Wilcox. Tried before the Hon. E. Pickens.

BAGBY and STONE, for plaintiff in error:

1. The ancient rule was, that in felonies, particularly of the higher grades, the prisoner was not permitted to make consents

which operated to his prejudice.    The modern rule has relaxed the principle, only so far as to allow him by express consent to waive any of his rights.

2. In this case the defendant was indicted for two distinct felonies in one indictment.    It is not material that the several counts charge him with an offence of the same grade against the same person.    The law must regard them as distinct offences. The indictment is carved into two cases, and one of them post-poned, upon which he is subject to be twice tried, and that with-out his consent.    Upon this indictment, thus divided, he could be twice jeoparded, and might be twice convicted.    It does not cure the error that a *nolle prosequi* was afterwards entered as to the remaining count.    The decision must have been correct at the time, and cannot be remedied by the action of the solicitor after the conviction.    The law is very jealous of the life and liberty of the citizen.—Slack v. State, 6 Ala. 676, on p. 678-9, particularly the latter clause ; The People v. McKay, 18 Johns. 212, on p. 218 ; see also, Kreps v. State, 8 Ala. 951, on p. 956.

3. We are able to find no adjudged State cases in point.    This is a strong argument in our favor ; for if the principle existed, it would somewhere be expressed.

4. Even in civil suits, the law will not tolerate the splitting up of cases, and the rendering of more than one judgment in the same cause.    The unity of proceedings in law courts is always preserved.—Givens v. Robbins, 5 Ala. 676; Edwards v. Lewis, 18 ib. 494.

ATTORNEY·GENERAL, for the State:

I. The first assignment of error is, that the Circuit Court erred in permitting the trial to proceed on one count, and post-poning the second.

1. The attorney for the State has the power to elect upon which count in an indictment he will proceed, and abandon the others. This power arises from the very nature of his office.—Common-wealth v. Tuck, 20 Pick. 366; 1 Chitty's C. L. 249.

2. Although the State's counsel proposed simply to postpone the second count, yet the legal effect and operation of that course was an election on his part to proceed on the first count, and abandon the second.—Burk v. State, 2 Har. & J. 426-32.

3. The offence is the same in both counts.    Suppose the de-

fendants below, Flanagan and Wright, should hereafter be tried on the second count, which was postponed, could one plead successfully a former conviction for the same offence, and the other a former acquittal? The constitution says, that "no person shall, for the same offence, be twice put in jeopardy of life or limb." The court is bound judicially to know that the defendant in this court, Flanagan, is charged with the commission of the same offence in both counts—the one upon which he was tried, and in the one postponed. There would be no doubt then, but that the plea of former conviction would be sustained as to Flanagan, upon a trial hereafter upon the second count. As to Wright, the party acquitted on the trial below, he is charged differently in the two counts. In the first, as principal in the second degree, and in the second as accessory before the fact. He was acquitted on the count charging him as principal; and the rule is, that an acquittal as principal will bar an indictment as accessory before the fact, for the same offence.—4 Black. Com. 28, top p.; 12 Ala. 462; U. States v. Keen, 1 McL., 445.

. 4. Neither of the defendants below was injured by a trial on the first count, and postponing the other. If the second count had been for an offence of milder punishment, the case might have been different; but the punishment is the same in both counts. Accessories are punished as principals.—Clay's Dig. 416, § 30; 1 Russ. on Cr. 32; 4 Black. Com. 39; 12 Ala. 462; U. States v. Keen, 1 McL. 447.

5. If any error has intervened in postponing the second count, it cannot be heard until they are tried on that count.—State v. Willingham, 4 Ala. 539.

II. The second assignment of error is, that the verdict was general, when it should have been restricted to the first count.

The second count was by legal operation abandoned, and stood as if the jury had found the indictment a true bill, as to the first count only. The first count was the whole indictment.—*Supra*, Har. & J. 432.

III. The third assignment is, that a *nolle prosequi* was not entered until after verdict.

I have attempted to show that the second count was virtually abandoned before the jury were sworn and empannelled; but if abandoned after verdict, it is good.—Young v. The King, 3 Term R. 107; Commonwealth v. Tuck, 20 Pick. 367.

CHILTON, J.—The record of the conviction of the plaintiff in error is in a very confused state. No plea or issue appears in it, nor does it appear that he was ever arraigned. The only evidence afforded as to the issue tried by the jury, is found in the judgment entry, which recites that "the defendants came in their proper person, also their attorneys; and the defendant, O. H. P. Wright, demurred to the first count in the bill of indictment, which having been argued by counsel, is overruled by the court. The State then moved that the *defendant* be tried on the first count in the indictment, and that the second count be postponed until the first is disposed of, to which there was no dissent by the defendants; and thereupon the State announced itself ready for trial on the first count of the bill of indictment, and the defendants did the like, whereupon came a jury, to-wit, &c., who having been duly elected, tried and sworn well and truly to try the issue joined, upon their oaths say, that they find. the defendant, Francis L. Flanagan, guilty as charged in the bill of indictment, and that they find the other defendant, O. H. P. Wright, not guilty." The court upon this finding proceeded to sentence Flanagan to five years imprisonment in the penitentiary, and the record then states, that "the solicitor, by leave of the court, enters a *nolle prosequi* as to the remaining count;" and thereupon the defendant, Wright, was discharged.

Although there is much plausibility in the position assumed by the Attorney General, that the postponing of the second count until the first was disposed of, amounted to an abandonment by the solicitor of the second count, we do not think the record will bear him out in that construction. That distinctly informs us that the second count was merely *postponed* (delayed or deferred) to a future period, and that period is designated; namely, until after the first count is disposed of. How then can we say it was abandoned? The fact, moreover, that the solicitor afterwards entered a *nolle prosequi* as to the second count, shows that he did not abandon it.

It is not contended by the learned counsel for the State, that an indictment containing several counts can thus be split up, and that the defendant may be tried upon the second count after a trial and conviction, or acquittal upon the first. This would manifestly be putting the prisoner twice in jeopardy for the same offence, and would amount to a palpable violation of his

constitutional rights. This was clearly an error. But, it is said, that to this "there was *no dissent* by the defendants." Whether, if they had given their assent directly and positively to this mode of trial, the prisoner would have been concluded by it, and estopped from pleading the former conviction in bar of a subsequent prosecution, it is not material now to inquire. The language here employed does not justify the court in concluding that any such assent was given as should conclude the defendant. However true it may be, as a rule governing syntactical construction, that the use of two negatives constitutes an affirmative, it would be very unsafe in legal proceedings, involving the lives or liberties of the citizens, to rely upon such grammatical refinements in arriving at the true meaning of sentences. The most that may be safely predicated of the negatives here used is, that the defendant said nothing when the court, upon the motion of the solicitor, ordered that he should be tried upon the first count, postponing the second until that was disposed of. Let us, however, concede that the prisoner did consent to go to trial upon one count only, the other being held over him for future action. This would not relieve the case from error, since the jury find him guilty generally upon the whole indictment; whereas it is clear that if he pleaded to either count, he was not called upon to respond to the second, and did not plead to that. So that, as the record now presents the case, the prisoner was convicted upon a count upon which he was not arraigned, and to which he never pleaded.

But, it is argued, he has not sustained any injury from the error complained of, since the two counts embrace substantially the same charge, and a *nolle prosequi* having been entered as to the second count, he is in no danger of again being tried upon that. In response to this, we have only to say, that in cases of this magnitude, which are made felonies by the statute, involving, as we have said, the liberty of the citizen, the court will not be astute in speculating upon the chances of injury to the accused, in order to sustain a conviction effected under such circumstances, under a practice not warranted, as far as our researches extend, by any precedent, and certainly opposed in its tendency to the fundamental law of the land. It is impossible for us to say what effect these irregularities may have had upon the finding of the jury, or that their verdict was wholly unin-

fluenced by them. Neither can we say that the defence may not have been influenced prejudicially to the prisoner, by trying him upon one count, while the other was held over him for future action.

The court is unanimous in the opinion, that the sentence of conviction must be reversed, and the cause remanded, that the prisoner may be again tried upon the first count in the indictment. The usual order will be made for remanding the prisoner to the appropriate county for trial.

Judgment accordingly.