## CHILDRESS AND WIFE vs. MANN & CO.

[ACTION AGAINST HUSBAND AND WIFE FOR GOODS SOLD AND DELIVERED.]

1. *Substantial defect in complaint available on error after judgment by default.*—When the complaint does not show a substantial cause of action, the judgment will be reversed on error, although it was rendered by default without objection.

2. *When action lies not against wife.*—An action at law does not lie against a married woman, jointly with her husband, on an open account contracted during coverture.

3. *Sufficiency of complaint in action against husband and wife.*—In an action against husband and wife. for articles of family supply furnished during coverture, if the complaint does not aver that the wife has a separate estate by law, (Code, § 1987,) it shows no cause of action as against her.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

The complaint in this case was in these words:

"John W. Mann & Co. } The plaintiffs, John W. Mann and W. Blake Rose, partners trading and doing business in the city of Mobile under the name and style of John W. Mann & Co., claim of the defendants the sum of two hundred and five 26-100 dollars, due by account on the 30th June, 1857.

vs.

James L. Childress, and Susannah L. Childress, his wife.

"The said plaintiffs claim of the defendants, also, the further sum of two hundred and five 26-100 dollars, due for goods, merchandise and chattels, sold and delivered by plaintiffs to said defendants on the 30th June, 1857; and plaintiffs allege, that the account aforesaid was for articles of comfort and support of the household, suitable to the degree and condition of the family of the defendants; which sum of money, with interest thereon, is still due and unpaid."

The summons was regularly served on both of the defendants.

The judgment was as follows:

"John W. Mann & Co.      }      This day came the
                vs.         }  plaintiffs, by their at-
    James L. Childress, and  }  torney; and thereup-
Susannah L. Childress, his wife. }  on came a jury," &c.,
"who were empaneled and sworn to assess the plaintiffs'
damages, and on their oaths do say, 'We assess the dam-
ages at two hundred and thirteen 41-100 dollars.' It is
therefore considered by the court, that the plaintiffs have
and recover of the defendants the said sum of two hun-
dred and thirteen 41-100 dollars, the damages so assessed
by the jury, together with the costs in this behalf ex-
pended."

From this judgment Mrs. Childress sued out an appeal,
and assigned the same as error, both jointly with her
husband, and separately by herself.

E. S. DARGAN, and JOHN T. TAYLOR, for appellants.

LEWIS S. LUDE, contra.

WALKER, J.—The complaint in this case does not
show a substantial cause of action against the female
appellant; consequently, the judgment must be reversed,
notwithstanding it was rendered upon a default, and
there was no objection in the court below.—Blount v.
McNeill, 29 Ala. Rep. 473; Stewart v. Goode & Ulrick,
29 Ala. Rep. 476.

[2.] The marginal description of the parties states, that
the female plaintiff is the wife of her co-plaintiff. The
first count of the complaint is upon an account. A mar-
ried woman cannot contract an account, during her cov-
erture, for which she can be personally proceeded against.
Marquis and Wife v. Gibson, 29 Ala. 668.

[3.] The second count is for goods, wares and mer-
chandise, sold to the defendants, which were articles of
comfort and support of the household, suitable to the
degree and condition in life of the family of the defend-
ants. No cause of action can exist against a married
woman, for such articles as are described in the com-
plaint, supplied during the coverture, unless she has a
separate estate.—Code, § 1987; Durden and Wife v.

McWilliams & Smith, 31 Ala. R. 438. The second count does not aver, that the married woman who is a defendant had any separate estate, and, therefore, fails to show a substantial cause of action against her.

The judgment of the court below is reversed, and the cause remanded.