# REPORTS

OF

# CASES ARGUED AND DETERMINED

AT THE JANUARY TERM, 1864.

## FOSTER *vs.* THE STATE.

[INDICTMENT FOR LARCENY AND RECEIVING STOLEN GOODS.]

1. *Plea of former conviction or acquittal.*—A conviction or acquittal on the charge of larceny is not a bar to a subsequent prosecution for receiving, concealing, and aiding in the concealment of the stolen goods.

2. *Same.*—In a plea of former conviction or acquittal, it is necessary to set out the record, or at least the indictment; and, in a prosecution for larceny, a variance in the description of the stolen goods in the two indictments is no objection to the plea, when it avers that they were taken, if at all, at one and the same time, by one and the same act, and that they belonged to the same owner.

3. *Practice on issue joined on not guilty and former aquittal (or conviction).* Where issue is joined on the pleas of not guilty and *autrefois acquit* (or *convict*), it is error to submit both issues to the jury at the same time : the issue on the special plea must be first tried and decided.

4. *Same; construction of bill of exceptions.*—Where the judgment-entry recites, that the defendant pleaded *autrefois acquit* to each count in the indictment; that the court sustained a demurrer to the plea to the first count, and overruled it as to the second count, " and, the defendant having pleaded not guilty, thereupon came a jury," &c.; while the bill of exceptions shows that the record of the former prosecution was the only evidence adduced by the defendant, and states that " he rested his case on that defense ;" and some of the instructions given by the court to the jury relate only to the issue on the special plea,—it affirmatively appears that the trial was had on both issues at the same time.

5. *Same; objection or exception not necessary.*—The failure of the prisoner, in such case, to object to the action of the court in submitting the

two issues to the jury at the same time, is not a waiver of the irregularity; nor is a bill of exceptions necessary, when the error affirmatively appears of record.

6. *Same; presumption of injury from error.*—Injury will be presumed, in such case, from the erroneous action of the court in submitting the two issues to the jury at the same time, unless the record affirmatively shows that no injury could have resulted.

FROM the City Court of Mobile.

Tried before the Hon. H. CHAMBERLAIN.

THE indictment in this case was found at the June term, 1863, of said city court, and contained two counts. The first count charged, that the prisoner, Charles Foster, " feloniously took and carried away from a store-house eighteen yards of Irish linen, of the value of two dollars per yard, twelve yards of poplin, of the value of three dollars per yard, one large double shawl, of the value of forty dollars, two tooth-brushes, of the value of two dollars each, one pair of boots, of the value of forty dollars, and one bill of the Columbus Life and General ¦Insurance Company, of the denomination and value of one dollar—all the personal property of Gideon B. Massey ;" while the second count alleged, that he " received, concealed, or aided in the concealment of" the said goods, (describing them as in the first count,) " all of which goods had been stolen by persons to the grand jury unknown, and which were so received and concealed by said Foster, knowing the same to have been stolen."

The defendant filed the following plea to the whole indictment : " And the said Charles Foster comes," &c., " because he saith that heretofore, to-wit, at the February term, 1863, of this court, before the judge thereof, the grand jury of Mobile county did return unto this court a true bill, a certain indictment, by which it was charged that Charles Foster did, before the finding of said indictment, feloniously take and carry away from a store-house thirty-five pairs of shoes, of the value of twenty dollars each, the personal property of Gideon B. Massey, against the peace and dignity of the State of Alabama ; which bill of indictment was signed by Charles Bond, solicitor of the State, prosecuting in said court. And he further saith, that, at

said term of this court, he was charged on said bill of indictment, and pleaded thereto that he, the said Charles Foster, was not guilty of said charge; and that thereupon a lawful jury was elected, empaneled, sworn and charged, to try the issue joined on said indictment; who, having heard the evidence and the charge of the court, on the trial of said indictment, on their oaths did say, that the said Chas. Foster was not guilty as therein charged; and thereupon judgment was given, that said defendant be discharged; all which appears by the record of said cause, still remaining in this court, in full force, and not set aside or vacated in any manner; which this defendant is ready to produce and show. And the said defendant further saith, that the said proceedings were in all respects regular and final, and within the jurisdiction of this court; and that the said Charles Foster, the defendant in said former proceedings, is the same Charles Foster now sought to be charged in this indictment now before the court; and that the said felony, or supposed felony, charged in said former indictment, is the same felony on which he is now sought to be charged, in two counts, in the present indictment; and that the said larceny, or supposed larceny, specified in the first indictment, consisting of shoes, *were* in fact a part of the personal property taken, or supposed to be taken, at the same time and place when the personal property specified in the present indictment was taken, *and* supposed to be taken; and that the said shoes, as well as the said linen, poplin, shawl, tooth-brushes, boots, and bill for one dollar, if taken, were all taken at one and the same time, and the whole constituted one entire taking and receiving; and, if received and concealed, or aid given, it was one receiving, concealing, and giving of aid in concealing, and not several, other, and different acts. Wherefore he saith, that the acts with which he is now charged, are the same acts charged in said former indictment, of which he has been acquitted, and not different acts, but in fact the same supposed offense for which he was tried and acquitted, as aforesaid, and not other. All of which this defendant is ready to verify," &c.

The court sustained a demurrer to this plea, and the de-

fendant then pleaded two separate pleas of *autrefois* acquit, one to each count in the indictment; each plea being in substance and form the same with the plea above set out, *mutatis mutandis.* The court overruled a demurrer to the plea to the first count, and sustained a demurrer to the plea to the second count. The defendant also pleaded not guilty, and issue was joined on that plea. On the trial, as the bill of exceptions states, after the evidence for the prosecution was closed, "the defendant gave in evidence the record of the former indictment, trial, and judgment," "and offered no other evidence, and rested his case on that defense."

"The charge of the court to the jury on the first count in the indictment was, that if they found that the defendant feloniously took from the store-house of Gideon B. Massey any of the goods charged in this count to have been stolen, at another and different time from the taking of the goods charged in the former indictment to have been stolen, and without having parceled out the goods in the last indictment specified from the general bulk of the goods in the store at the time of taking those named in the first indictment, such taking at another and different time would constitute a distinct larceny, separate from the one charged in the first indictment, and for which he might be prosecuted by the present indictment.

"The charge of the court on the second count was, that if the jury believed, from the testimony, that the prisoner, after the goods were stolen from the store-house of Massey, feloniously received from any one implicated in the larceny thereof, or concealed, or aided in the concealment of, any of the goods in the last count of the indictment named, knowing at the time that such goods had been stolen,—then he was guilty under section 3178 of the Code of Alabama.

"The court further charged the jury, that the offense above described in the charge on the second count of the indictment, was, by section 3178 of the Code, a separate offense from the larceny; and that said acts would not make the defendant guilty of larceny, nor authorize him to be charged with larceny; and therefore that an acquittal

of larceny, under the first indictment, would not be a discharge for those acts."

The defendant excepted to each of the charges of the court, but it does not appear that he reserved any exceptions to the rulings of the court on the pleadings.

The judgment is in the following words: "This day came the State of Alabama, by its solicitor, and the defendant in person, and by attorneys; and said defendant filed a general plea of *autrefois acquit* to both counts of the indictment; to which plea the State demurred; and the said demurrer being argued, the same was by the court sustained; whereupon the defendant filed two separate pleas of *autrefois acquit*, one to the first count, and one to the second count in the indictment; to which two several pleas the State filed its demurrer; and by the court the demurrer to the plea to the first count was overruled, and the demurrer to the plea to the second count was sustained; and the defendant having pleaded the plea of not guilty, thereupon came a jury," &c., "who on their oaths do say, they find the defendant guilty on the second count of the indictment," &c.

GEO. N. STEWART, for the prisoner.
M. A. BALDWIN, *Attorney-General*, for the State.

A. J. WALKER, C. J.—The indictment consisted of two counts, the first alleging larceny from a store-house, and the second, the receiving, concealing, and aiding in the concealment of stolen goods. To the entire indictment, embracing these two counts, the plea of *autrefois acquit* was interposed. The former indictment was for larceny alone. The goods charged by it to have been stolen, were different from those mentioned in the indictment in this case; but the plea alleged that they were taken at the same time, and that there was only one taking, and only one receiving of stolen goods. This plea was not a bar to the second count. An acquittal from the charge of larceny can not bar a prosecution for receiving stolen goods. This is ascertained by applying the established test, whether the facts alleged in the indictment for the latter offense, if

15

proved to be true, would have warranted a conviction on the first indictment.—*Harrison v. State*, 36 Ala. 248; *Henry v. State*, 33 *ib.* 389–400; *Johnson v. State*, 12 *ib.* 840; *State v. Standifer*, 5 Porter, 523; 2 Leading Cr. Cases, 552; note to *King v. Vandercomb & Abbott*, 2 Leach, 708; 1 Chitty on Cr. L. 452; *Regina v. Perkins*, 12 Eng. L. & E. 587. The constituents of the two offenses of larceny and receiving stolen goods are altogether different. In the former offense, the accused is guilty of the felonious taking and carrying away of the goods of another. In the latter, he is guilty of receiving goods, which had been taken and carried away by another. Under an indictment for the former, there can be no conviction, if the evidence proves guilt of the latter. The cases are numerous, in which the courts have striven to determine, whether the proof made out the one or the other offense; and there has been uniformly an acquittal, when the indictment was for larceny, and the offense proved was receiving stolen goods, and *vice versa.*—Roscoe's Cr. Ev. 871, 872, 873; 2 Russ. on Cr. 239, 240, 241; 2 Bishop on Cr. L. § 953. The offense of larceny is perfected before that of receiving stolen goods can be perpetrated. The case in hand can not, therefore, fall within the principle which declares, that an acquittal of one felony is a discharge of any other offense that is an ingredient or accompaniment of it.—Wharton on Am. Cr. Law, § 565.

The plea of *autrefois acquit* not being an answer to the count for receiving stolen goods, the court was right in sustaining a demurrer to it, as well when pleaded to the entire indictment, as when pleaded to the single count for receiving stolen goods.

[2.] The plea of *autrefois acquit* to the first count of the indictment did not set out the record or indictment in the former case. It seems to have been decided in *Henry's case*, (33 Ala. 389,) that in such a plea it is necessary to set out the "record, or at least the indictment." For this objection, the court might have sustained the demurrer to the plea. The court, however, having overruled it, the defect is not now before us, and can not be the predicate for an affirmance, upon the idea that the accused was not

injured by the action of the court upon a demurrable plea for, if the court had sustained a demurrer for it, that defect would probably have been cured by an amendment.

This special plea to the first count was, in other respects, substantially conformable to the law governing such pleadings. Although the former and the latter indictment charge larcenies of different goods, the plea avers that the goods described in the respective indictments, if taken at all, were taken at the same time, by one and the same act, and belonged to the same owner. This averment shows that the takings described in the two indictments belonged to the same transaction, and that there was only one larceny. It would, therefore, be inadmissible for the State to split up the single offense into two distinct charges; and an acquittal from a charge of stealing a part of the goods would bar a prosecution based upon the taking of the other goods.—Wharton's Am. Cr. Law, § 391 ; 2 Leading Cr. Cases, *supra*.

[3.] The defendant not only had before the court the special plea of *autrefois acquit,* which was held good as a defense to the first count of the indictment, but also the plea of not guilty to both counts. To have submitted to the jury the trial of an issue on the special plea, and on the plea of not guilty at the same time, would have been an error, as was held by this court in *Henry's case, (supra,)* and in *Nelson's case,* 7 Ala. 610. The former of those decisions was made in reference to pleas both of *autrefois acquit* and of *autrefois convict ;* and the latter, in reference to a plea of *autrefois convict ;* but the same law is applicable to both classes of pleas, and both cases alike are authorities upon the question of the propriety of submitting the two issues together to the jury in this case.—Wharton's Amer. Cr. Law, § 539.

To avoid a reversal for the error above noticed, the following positions have been taken before us in argument : 1st, that the legitimate intendment from the record is, that the defendant waived the special plea, and that the issue upon the plea of *autrefois acquit* was not submitted to the jury;; 2d, that, conceding the simultaneous submission of the two issues to the jury, the defendant cannot avail himself

of the error, because he did not except to it in the court
below, and that the objection must therefore be regarded
on error as waived; and, 3d, that notwithstanding the
circuit court may have committed an error, in itself suffi-
cient to reverse, yet it is apparent from the record in this
case that the defendant sustained no injury in consequence
of the error, and therefore there ·ought to be no reversal.
These several points we proceed to consider in the order of
their mention.

[4.] The judgment-entry recites, that the demurrer to
the plea of *autrefois acquit* to the first count was overruled,
that the defendant pleaded, and that thereupon came a
jury, who rendered a verdict of guilty on the second count
of the indictment. It does not expressly state that issues
were formed, or what issues were submitted to the jury. It
was the office of the *postea* to indicate what issues were
submitted to the jury.—3 Blacks. Com. App., No. 111, § 4.
This it did not do. We shall not pause to speculate,
whether the presumption is to be indulged, that the issues
on both pleas went to the jury together, or that only the
issue on the plea of not guilty was submitted; or whether,
if the latter issue alone was submitted, the court did not
err in pretermitting the special plea. It is not necessary
that we should enter upon any of those questions. The
bill of exceptions shows, that the only evidence adduced
by the defendant was the record of the former case, and
that "he rested his case on that defense." This evidence
was only admissible under the plea of former acquittal.
Besides, two of the charges given by the court pertain to
an issue upon the special plea alone, and are altogether
inapposite, if no other plea than that of not guilty was
before the jury. We therefore conclude, that we have in
the record an affirmative disclosure of the trial under both
pleas at one and the same time.

[5.] The next question is, was the error waived by the
omission to make it matter of exception or objection in the
court below? The statutes of jeofails and amendments do
not apply to criminal cases, unless it is so directed.—
2 Hawkins' Pleas, 336; 1 Chitty's Cr. L. 752, 661, 663, 297;
4 Blacks. Com. 375. Our statutes cure mere defects o<sup>f</sup>

form in an indictment, and allow amendments with the consent of the defendant.—Code, § § 3519, 3529. But we have no statute which affects such an error of proceeding as that which we are now considering. The question is, therefore, to be determined according to the common law.

As a rule which is at least general, and we believe universal, unless controlled by statute, any objection is good on error, which would have been good on general demurrer, or in arrest of judgment.—1 Chitty's Cr. Law, 752; 4 Blacks. Com. 3,5; *Francois v. State*, 20 Ala. 83. Hence, we are informed that "formerly a demurrer to an indictment was unusual, because the defendant might have the same advantage of objecting by motion in arrest of judgment."—1 Arch. Cr. Pl. 115; 2 Hawkins' P. Cr. 467; 1 Chitty's Cr. Law, 662–663. The grounds of arresting judgment are not confined to the indictment only, but "may be found in any part of the record which imports that the proceedings were inconsistent or repugnant, and would make the sentence appear irregular to future ages."—1 Chitty's Cr. Law, 662; Wharton's Am. Cr. Law, § 3043; 4 Blacks. Com. 391. Numerous illustrations of the arrest of judgments, and reversals on error, are given in the text-books and in the reports, where the action of the court was predicated upon errors apparent upon the record, but not growing out of demurrers to the pleadings.—1 Chitty on Cr. Law, 661, 662, 663, 751, 752; Arch. Cr. Pl. 178 *n.*; *Rex v. Peru*, 3 Saunders, 766. The error, of course, must be such as pertains to the rulings of the court on questions of evidence, and its instructions to the jury, and other matters which only appear upon the record by aid of a bill of exceptions.—1 Ch. Crim. Law, 661.

Doubtless, there are defects, available pending the trial, which would not be good on error, or on motion in arrest.— Wharton's Am. Cr. Law, § 3043; *Com. v. Tuck*, 20 Pick. 356. But substantial defects, apparent of record, which injuriously affect the accused, are not cured by the verdict.— 4 Blacks. Com. 375, 376; 1 Chitty's Cr. L. 661, 662; 1 Arch. Cr. Law, 178, *n.* 2. The bill of exceptions, in criminal cases, is necessary to present "defects in evidence, or improper conduct on the trial"; and those erroneous pro-

ceedings of the court which appear on the record, or "history of the most material proceedings of the cause", may be corrected on error, without an exception.—1 Chitty's Cr. L. 661; 3 Blacks. Com. 317. To the class of defects which it is requisite to present by bills of exceptions, belong such errors as the refusal of motions to compel election by the solicitor of the count for which he will prosecute.—*Johnson v. State*, 29 Ala. 62. The rule, even in civil cases, was, that any error appearing on the face of the record would vitiate on motion in arrest; and before the adoption of the statutes of jeofails and amendments, it was deemed a reproach to the English law, that even formal objections, in many cases, were permitted to cause the arrest of judgments.—Stephens on Pl. 96, 97.

In this State, a case arose which seems to involve the very question in hand. In *The State v. Nelson*, the defendant pleaded *autrefois convict*, and not guilty. Issue was joined on the plea of not guilty, and afterwards upon a replication to the special plea. Afterwards, the jury was discharged, without the prisoner's consent. The prisoner claimed that he must be acquitted, upon the ground that he had been once in jeopardy. This court said, that if the circuit court had proceeded to try the general issue without disposing of the collateral issue on the special plea, the judgment would have been arrested, or reversed.—7 Ala. 610. For that reason, the court below was justified in withdrawing the cause from the jury; and it was held, that the prisoner had not been in jeopardy.

Again, in *The State v. Flanagan*, (19 Ala. 546,) the indictment contained two counts, upon the first of which the court permitted the defendant to be tried, and postponed the trial on the second count. A verdict of guilty was rendered. The action of the court was held in this court to be erroneous, notwithstanding there was no exception, but the record stated, on the contrary, that the defendant did not dissent. In *The State v. McLendon*, (1 Stew. 195,) there was a reversal, because it appeared from the record that the accused had been put on his trial, he objecting, without two entire days' service of the jury lists; and in *Hughes' case*, (1 Ala. 655,) there was a reversal

because the jury was sworn before the arraignment and plea of the defendant.

It is admitted that, in civil cases, in the absence of an exception, a reversal would not be allowed in this State, for such an error as that which we are considering. But that results from our liberal statutes of jeofails and amendments, which do not apply to criminal cases.—*Dougherty v. Colquitt*, 2 Ala. 337; *Mahoney v. O'Leary*, 34 Ala. 97; *Childress v. Mann*, 33 Ala. 206; *Gager v. Gordon*, 29 Ala. 341; *Blount v. McNeill*, 29 Ala. 473; *Stewart v. Goode & Ulrick, ib.* 476; *Floyd v. State*, 30 Ala. 511. For the reasons which we have given, we decide, that the error of submitting the two issues was not waived by the failure to object in the court below, nor by anything else which occurred in the circuit court.

[6.] The question remains, whether an affirmance ought be had, upon the ground that the defendant was not injured by the error. The principle is, that injury must be presumed, unless it is clearly seen that no injury resulted. We cannot see that the defendant sustained no injury by the submission of the two issues together to the jury. On the contrary, we can conceive that the defendant may have been very seriously injured by such a course of proceeding. The multiplication of issues to be simultaneously considered may have confused the jury, and embarrassed the defendant. Besides, if the issue upon the special plea to the first count had been first tried, and determined in favor of the accused, he would have avoided the difficulty of having before the jury, upon the trial for receiving stolen goods, evidence tending to show his larceny of those goods. It is not at all improbable that the multiplication of the issues, and the introduction of testimony affecting them respectively, may have caused the jury to be influenced in finding a verdict of guilty upon one issue, by testimony which contributed to show guilt under another. Borrowing the language used by the court in *Flanagan v. State, (supra,)* we have to say in conclusion, that "in cases of this magnitude, which are made felonies by the statute, involving the liberty of the citizen, the court will not be astute in speculating upon the

chances of injury to the accused, in order to sustain a conviction effected under such circumstances."

Judgment reversed, and cause remanded.