# THE STATE v. PILE AND PILE.

1. It is not a sufficient ground for arresting the judgment in a criminal case, that the record does not show that the grand jury were drawn according to law, or the *venire* executed.
2. An indictment against two, which charges one with an assault, with the intent maliciously and feloniously to kill and murder, and the other with maliciously and feloniously, inciting his co-defendant to make an assault with that intent, is good at common law.

3. The judgment in a criminal case will not be arrested, because the record shows that the jury were sworn well and truly to try the issue, &c.; the case could not be thus tried, without having a proper regard to the *law and evidence.*

The defendants were indicted in the Circuit Court of Covington, for an assault with the intent to kill and murder William Holland. Greenberry Pile is charged with having made the assault, feloniously and unlawfully, by discharging a rifle gun.— Caleb Pile is charged with having feloniously and maliciously incited his co-defendant to make the assault with intent aforesaid. The defendants were tried on the plea of "not guilty," and being convicted by the verdict of the jury, it was adjudged by the Court that Greenberry Pile be committed to the penitentiary for five years, and Caleb Pile for the space of seven years. Thereupon, the defendants moved in arrest of judgment for the following reasons :

1. There were only fifteen names on the *venire facias* from whom the grand jury were selected.

2. The indictment does not pursue the statute.

3. Caleb Pile is indicted as accessory to the assault.

4. The jurors who tried the cause, were sworn to decide it according to the evidence, when they should have been required to try it according to law and evidence.

5. It does not appear that the grand jury were drawn thirty days before the sitting of the Circuit Court; nor does it appear that the *venire* was executed.

6. It does not appear that the proper officers were present at the drawing of the grand jury.

This motion was overruled, and the questions of law thereupon arising, were referred to this Court as novel and difficult.

ATTORNEY GENERAL for the State.
No counsel appeared for the defendants.

COLLIER, C. J.—In respect to the objection, that it appears from the recital in the record, that the *venire* required but fifteen persons to be summoned for the grand jury, it may be quite enough to say, that the jury law was modified by the act of December, 1841, so as to require but fifteen to be drawn and summoned for that purpose in the county of Covington, and many others. The other objections to the grand jury, constitute no

reason for arresting the judgment ; if they could have availed the defendants, they should have been brought to the view of the Circuit Court by plea in abatement. Such has been the repeated decisions of this Court. [Collier v. The State, 2 Stewt. Rep. 388, and subsequent decisions.]

By the 26th section of the 8th chapter of the act " Regulating punishments under the Penitentiary system," it is enacted that " all indictments for offences inhibited in this code, which are offences at common law, shall be good, if the offence be charged or described according to the common law ; and the party charged, on conviction, shall receive the punishment prescribed by this act."

The indictment, we think, is good, without the aid of this provision ; true, it contains some expletives, which however, are matters of aggravation, and do not vitiate it. [The State v. Stedman, 7 Porter's Rep. 495.] But it is certainly cured of every defect by the statute ; for it is a good indictment at common law as to both the defendants. It is a mistake to suppose that Caleb Pile was indicted as an accessory, technically so called. He is merely charged with *inciting, moving and procuring* his co-defendant to commit the offence, and if the allegation be true, in legal contemplation, he is quite as guilty as him who was prompted to act, and may be punished as a principal with him. Where indictments are preferred against two or more, they are frequently drawn in this form, as is abundantly shown by the books of criminal pleading : and this mode of stating the participation of the respective defendants, is consistent with reason, and has been too long practised to be now adjudged irregular.

The recital in the judgment entry is, that the jury were sworn, well and truly to try the issue joined. This it is believed is a substantial compliance with the forty-sixth section of the tenth chapter of the act " Regulating punishments under the Penitentiary system." To try the issue " well and truly," they must have a due regard to the evidence, and the law applicable to it ; and to show, that they have thus tried it, they must express their conclusion by a verdict in proper form. On this point, if necessary, the judgment might be sustained by other reasoning quite as cogent, but we deem it unnecessary to enlarge.

For neither of the reasons stated in the record, should the judgment have been arrested ; and so far as its legal sufficiency has been referred to this Court, it is consequently affirmed.