SHAW vs. THE STATE.

1. Where there is a general verdict on an indictment, which contains good and bad counts, the finding of the jury will be refered to the good counts, and the judgment of the court thereupon sustained.

2. Where it appears from the record that the indictment was found and returned into court by a grand jury, and was treated by the prisoner in the court below, as a valid indictment, so found and returned, the judgment cannot be reversed, because the record fails to show that the grand jury was regularly selected and summoned.

3. Where two commit a joint assault with intent to murder, the one with a

knife and the other with a gun, a count in the indictment, which charges them jointly, is not objectionable for duplicity.

4. In an indictment for an assault with intent to murder, by shooting, it is not necessary to allege that the person assaulted was within the distance to which the gun would carry, for the attempt to shoot must have been coupled with the ability to do the act, or it would not have amounted to an assault; nor is it necessary to allege that the weapon charged to have been used was a *deadly* weapon.

ERROR to the Circuit Court of Pike. Tried before the Hon. Robert Dougherty.

BUFORD, for the plaintiff in error.

ATTORNEY GENERAL, for the State.

CHILTON, J.—This was a prosecution for an assault with intent to kill and murder, under the 30th section of the 3d chapter of the Penal Code.—(Clay's Dig. 416, § 30.)

The indictment, which appears to have been returned into court by the grand jury on the 18th day of Sept. 1850, contains two counts. By the first, the grand jury " upon their oath present that Alexander Shaw, sen., and Alexander Shaw, jr., late of said (Pike) county, on the fourteenth day of July, in the year of our Lord one thousand eight hundred and fifty, in the county aforesaid, in and upon Stephen Eiland, feloniously, wilfully, and of their malice aforethought, did make an assault, and with a certain knife, which he, the said Alexander Shaw, jr., then and there had in his hand, and a certain gun loaded with powder and bullets, which he, the said Alexander Shaw, sen., then and there had in both his hands, in and upon the body of him, the said Stephen Eiland, feloniously, wilfully, and of their malice aforethought, did attempt to cut and shoot, with the intent then and there and thereby him the said Stephen Eiland feloniously, wilfully, and of their malice aforethought, to kill and murder, against the peace and dignity of the State of Alabama."

The charge in the second count is " that the said Alexander Shaw, jr., and the said Alexander Shaw, sen., on the day and year aforesaid, in the county aforesaid, in and upon the body of one Stephen Eiland, feloniously, wilfully, and of their malice aforethought, did make an assault, with intent then and there and thereby to kill and murder him, the said Stephen Eiland,

feloniously, wilfully, and of their malice aforethought, against the peace and dignity of the State of Alabama."

To the foregoing indictment, the defendants on arraignment pleaded not guilty, and thereupon came a jury, who found the defendant Alexander Shaw, sen., guilty of an assault with intent to murder, and the defendant Alexander Shaw, jr., guilty of an assault and battery, and assessed his fine at ten dollars. The court sentenced the elder Shaw to two years imprisonment in the penitentiary, and to reverse this sentence, the case is brought by him to this court. His counsel assigns eight grounds for reversal, namely :

1. That the second count in the indictment is bad, because it does not state the acts constituting the offence charged.

2. That the record does not show that the grand jury which found the indictment was legally constituted.

3. That the first count is bad for duplicity, in charging two offences, namely, an attempt to murder by shooting, and also an attempt to murder by stabbing or cutting.

4. That the first count in the indictment does not charge an attempt by the plaintiff in error to shoot or stab any one.

5. That the same count is defective, in failing to show that either of the defendants were in shooting or striking distance of Eiland.

6. That the weapons used are not charged to be deadly.

7. That the weapons are not charged to have been in condition to have produced death, or inflicted a deadly or dangerous wound.

8. That there is no attempt to shoot or cut with the weapons described in the count, or either of them.

A brief notice of these objections, in the order stated, may suffice.

1. According to the decision in the case of Beasley v. The State, rendered at the present term, the second count, which fails to set forth the facts that constitute the offence, is manifestly bad; but this can avail the plaintiff in error nothing, if the first count is good, for, where there is a general verdict upon an indictment, containing good and band counts, the finding of the jury will be refered to the good counts, and the judgment of the court thereupon sustained.—The State v. Coleman, 5 Port. 32; The State v. Jones, 5 Ala. 666.

2. The second objection, which goes to the constitution of the grand jury, cannot be supported. The record shows that the indictment was found by a grand jury, and the persons composing it, but it fails to set forth how it was summoned or constituted. It will be remembered that no objection for this cause was taken in the court below, and in our opinion it cannot be taken for the first time in this court. This court, so early as 1820, discussing this objection, said, " if the record was silent on this point, we should be disinclined to give the prisoner any benefit from the exception. If the objection was well founded, he might have availed himself of it by plea in abatement."—Collier v. The State, 2 Stew. 392. See also, The State v. Williams, 3 Stew. 454. In The State v. Pile & Pile, 5 Ala. 72, it was held no ground for arresting the judgment in a criminal case, that the record does not show that the grand jury were drawn according to law, or that the *venire* was executed. And the court added, " if such objections could have availed the defendants, they should have been brought to the view of the Circuit Court by plea in abatement; such have been the repeated decisions of this court."—See also, The State v. Clarissa, 11 Ala. 58, where it was held that such plea must be filed at the term at which the indictment was found, if it goes to the array of the grand jury, or the disqualification of any of its members, in conformity with the provision in the Penal Code, chapter 10, § 51, (Clay's Dig. 458.) The record before us is informally made up, it is true, but it does not affirmatively show that the grand jury was illegally constituted. It only fails to show how the jurors were selected and summoned. This failure is no ground for reversal. The record affirmatively shows that the indictment was found, and returned into court by a grand jury, and it was treated as a valid indictment, so found and returned, without any objection by the prisoner or his counsel, and to hold that the grand jury was illegally constituted, in the absence of all evidence of the fact, would be to presume against the record to reverse the judgment.—2 Gilm. 540.

3. The third objection, that the first count is bad for duplicity, in charging two offences, cannot be supported. The two defendants are jointly indicted for a joint assault made by them, the one employing as the instrument, with which he attempted to kill and murder, a knife, the other a loaded gun, but both

engaged in the same assault with a common intent, namely, fel-
oniously, wilfully, and of their malice aforethought, to kill and
murder.   Hawkins, in treating of the indictment says, " it seems
certain at this day that notwithstanding the offence of several
persons cannot but in all cases be several, because the offence
of one man cannot be the offence of another, but every one
must answer severally for his own crime, yet if it wholly arise
from any such joint act which in itself is criminal, without any
regard to any particular personal default of the defendant, the
indictment may either charge the defendants jointly and several-
ly, or may charge them jointly only, without charging them sev-
erally ; because it sufficiently appears from construction of law
that if they joined in such act, they could but be each of them
guilty ; for the law looks upon the charge as several against each,
although the words of it purport only a joint charge against all."
—3 Hawk. Pleader, 331, § 89.

In Regina v. Giddings, et al., 1 C. & Marshm. 634, (S. C.,
41 Eng. C. L. 344,) the indictment, which consisted of but one
count, charged the four prisoners with assaulting Geo. Pritch-
ard and Henry Pritchard, and stealing from George Pritchard
two shillings, and from Henry Pritchard one shilling and a hat,
on the 14th May 1842.   It appeared that the persons assaulted
were walking together when the prisoners attacked and robbed
them both.   A motion was made to put the counsel for the pros-
ecution to his election, upon the ground that the court charged
two distinct felonies, but the court held that, as the assaulting
and robbing of both individuals occurred at the same time, it
was one entire transaction, and refused the motion.   The same
principle was substantially asserted in The State v. Pile, et al.,
5 Ala. 72, which was a joint indictment against two, in which
one was charged with feloniously making the assault, with intent
to kill and murder by discharging a rifle gun, &c., and the other
with inciting his co-defendant to make the assault with intent
aforesaid.   Held that the indictment was good.

The fourth exception is not sustained by the record.   The
defendants jointly made the assault, one using a gun and the
other a knife, and the count charges that with these instruments,
which they respectively had, &c., they did attempt to cut and
shoot, &c.   The same may be said of the 8th assignment.

    4.  The other assignments require but a passing notice, as it

is very clear none of them are well taken. It is not necessary that this indictment should have avered more specifically, that the prisoner, when he assaulted Eiland by attempting to shoot him, was within a distance to which the gun would carry ; this is included in the assault itself, for the attempt must have been coupled with the ability to do the act attempted, or it would not have amounted to an assault. In respect to the character of the weapon employed, our statute does not, like the Mississippi act (How. & Hutch. p. 698 § 33,) speak of assaults with *deadly weapons*, but conceding that the indictment should show that the assault was made with an instrument of that character, it is very certain that the instrument here employed was of that description.

Let the judgment be affirmed.