## THOMPSON vs. THE STATE.

[INDICTMENT FOR FORGERY.]

1. *Proof of forged instrument.*—If the instrument alleged to have been forged is set out literally in the indictment, and is proved to have been mutilated, the State may resort to secondary evidence of the contents of the mutilated part, after first proving the existence of the writing before mutilation as described ; and, in connection with such secondary evidence, may then offer in evidence the mutilated writing itself.

2. *Charge held erroneous, because invading province of jury.*—A charge, which in-structs the jury, that they may infer the prisoner's guilt from certain facts, hypothetically stated, "and other circumstances in the cause," is erroneous, because it assumes the existence of "other circumstances in the cause," in-stead of leaving the jury to decide upon the credibility of the evidence tending to prove them.

From the Circuit Court of Marion.

Tried before the Hon. S. D. HALE.

THE prisoner was indicted for the forgery of a promissory note for $50, which purported to be signed by William Nice as maker, and which was set out literally in the in-dictment. On the trial, as the bill of exceptions discloses, the State offered in evidence a writing which correspond-ed in every particular with the alleged forged instrument, except that no name was signed to it ; but, on the prison-er's objection, the court excluded it from the jury. The State then introduced William Nice as a witness, who testified, that his name had been signed as maker to this writing, but without his knowledge or authority ; and that, on its being presented to him by the prisoner, who then held a genuine note on him, of like date, tenor and

amount, he tore off his name, and a part of the word "hundred" in the date. In connection with this evidence, to which the prisoner objected, the court allowed the mutilated note to be read to the jury; and the prisoner excepted. The prisoner offered evidence, "showing that the name signed to said note was not that of William Nice, but of one William Bird, in whose handwriting the note was; and that said note was handed by him to Nice instead of his (Nice's) own note."

On this evidence, the prisoner asked the court to instruct the jury, that, "unless they believed from the evidence that the name of William Nice was signed to the note offered in evidence, and was so signed by the defendant, with the intent to injure or defraud said Nice or some one else, they must acquit him." The court gave this charge, and further instructed the jury as follows: "That if they find from the proof, that the name of William Nice was attached to the note when he received it, and that he received it from the prisoner, they may infer from this, if it is unexplained, and other circumstances in the cause, that the prisoner put the name of said Nice to said note;" to which charge the prisoner excepted.

The admission of the evidence, and the charge of the court, to which exceptions were reserved, are now assigned as error.

E. W. PECK, for the appellant.—1. The writing offered in evidence by the State, as the note described in the indictment, ought not to have been read to the jury, because the indictment was not properly framed for that purpose; and for the same reason the testimony of William Nice ought to have been excluded.—Commonwealth v. Haughton, 8 Mass. 107; Chitty's Cr. Pr. 536.

2. The charge of the court was not warranted by the evidence; was calculated to mislead the jury; authorized them to look outside of the evidence in the cause, and assumed the existence of "other circumstances" than those hypothetically stated.

M. A. BALDWIN, Attorney-General, contra.—1. In all

cases of forgery, it is necessary to describe particularly the forged instrument; but, where the description cannot be given, either literally or substantially, the reason for the omission must be stated.—Wharton's Criminal Law, 345; 1 East, 180; 16 Wendell, 56; 3 Mass. 85; 2 Cowen, 524; 4 Leigh, 697; Archbold's Cr. Law, vol. 3, p. 554.

2. Where the instrument is described literally, it is not necessary to aver the loss or destruction of the instrument; but parol proof of its existence and subsequent loss is admissible, under the general rule regulating the reception of secondary evidence.—2 Mason, 464; 4 Halstead, 26; 1 Baldwin, 526; 6 Randolph, 693.

RICE, C. J.—The rules of evidence are distinct from the rules of pleading. Objections to pleadings must be determined by the rules of pleading. Objections to evidence must be determined by the rules of evidence.— It is a general rule of pleading, that in an indictment for forgery, the instrument alleged to be forged should be set forth in words and figures, or that its tenor should be accurately stated. There are exceptions to this rule, but we need not notice them in this case; for here the indictment is clearly in conformity with the general rule above stated, and the objection is not to the pleading, but to the evidence.

As the indictment professes to describe the instrument alleged to be forged only by setting it forth in words and figures, the State is precluded from the right to insist on any proof short of the description thus given. But, to establish that description, the State may resort to secondary evidence of the contents of the instrument, as it was before it was lost or destroyed, upon first proving that it was lost or destroyed; or, if there is proof that only part of the instrument was lost or destroyed, secondary evidence of the contents of that part is admissible. All that can be required of the State, in such a case as the present, is, to produce the best evidence the nature of the case admits of, and that is within its reach. If the prosecutor, after receiving the instrument from the defendant, tore off and destroyed his name and one of the letters in

Thompson v. The State.

the word hundred, as he testified, then, unless it is shown that there is within the reach of the State or prosecutor an examined copy of the instrument, as it was before the prosecutor thus destroyed these parts of it, the contents of the parts thus destroyed may be proved by him, or by any other witness who saw and read the instrument before the destruction of these parts of it, and who can speak pointedly and clearly to the tenor and contents of these lost parts. If the jury believe such parol evidence of the contents of the lost parts, and if they further believe from it, in connection with the parts of the instrument which were not destroyed, and the other evidence in the cause, that the instrument, as it was before the destruction of these lost parts, and as it is described in the indictment, was forged by the defendant, or that it was uttered and published by him as true, with intent to defraud, knowing it to be forged, they may, under the Code, find him guilty of forgery, under the present indictment.—Code, §§ 3158, 3165; Bishop v. The State, at the present term; United States v. Britton, 2 Mason's Rep. 464, and other authorities cited by the attorney-general.

But the defendant is entitled to a trial by jury. The determination of the facts which are essential to constitute his guilt, must be left to the jury, and must not be assumed by the court. The *credibility* of the evidence must also be left to the jury, and must not be assumed by the court. In the charge of the court excepted to by the defendant in this case, it is assumed that there were "other circumstances in the cause." The credibility of the evidence, tending to prove those "other circumstances," was not left to the jury. In thus assuming the existence of "other circumstances," without referring to the jury the credibility of the testimony by which they were assumed to be established, the court below erred; for it is manifest that, without the existence of other circumstances than those distinctly referred by that charge to the determination of the jury, the inference which it authorized the jury to draw was not legitimate.

For the error in that charge, the judgment is reversed, and the cause remanded. The defendant must remain in custody, until discharged by due course of law.