## HARRISON *vs.* THE STATE.

[INDICTMENT FOR FORGERY.]

1. *Plea of former acquittal; presumption in favor of judgment.*—Under an indictment charging the uttering and publishing as true of a forged instrument, knowing it to be forged, the defendant pleaded a former acquittal, and proved, "that he was heretofore indicted and tried for the forgery of the same instrument with the uttering of which he is charged in the present indictment, and was regularly acquitted upon such trial,"—*held*, that 'presuming this to be all the evidence in the case, there was no error in a charge which instructed the jury, "that a trial for, and acquittal of the forgery of an instrument, was not a bar to a subsequent indictment for uttering the same instrument as genuine, knowing it to be forged."

2. *Sufficiency of indictment.*—An indictment which charges the felonious uttering and publishing as true of a forged instrument, knowing the same to be forged, is sufficient, (Code, §§ 3154, 3165, 3501, 3518–19, 3526,) although a conviction might also be had for such uttering and publishing under an indictment charging it as forgery.

FROM the Circuit Court of Barbour.
Tried before the Hon. JOHN GILL SHORTER.

THE indictment in this case was in these words:

"The grand jurors for the State of Alabama, chosen and sworn to inquire for the body of Barbour county, upon their oaths present, that William Harrison, *alias* Thomas Craig, and James Wilson, *alias* Richard Schrimshire, in the county aforesaid, on the 20th July, A. D. 1857, feloniously did utter and publish as true, and with intent to defraud, a certain forged instrument, or writing, the forging of which is declared by the laws of said State to be an offense; which said forged instrument or writing is as follows, that is to say—*Mr. Copeland & Co.: Sir— Please let William Harrison have forty-three dollars' worth, and charge the same to me, this 20th July,* 1857, (Signed) *James Bigham;'*—they, the said William Harrison and James Wilson, at the time they so uttered and published

as true the said forged instrument, then and there well knowing the same to be forged ; against the peace," &c.

The defendant Harrison, being on trial alone, reserved the following bill of exceptions: " On the trial of this cause, the defendant pleaded a former acquittal, upon a regular formal trial in this court, upon issue joined between the defendant and the State, upon plea of not guilty pleaded by the defendant, upon a regular indictment charging said defendant with the forgery of the said instrument mentioned in the indictment in this present case, for the uttering of which as genuine, knowing it to be forged, said defendant is charged in the indictment in the present proceeding; and proved, that he was heretofore indicted and tried for the forgery of the same writing with the uttering of which he is charged in the present indictment, and upon such trial was regularly acquitted. The court charged, that a trial for, and acquittal of the forgery of an instrument, was not a bar to a subsequent indictment for uttering the same instrument as genuine, knowing it to be forged; to which charge the defendant excepted. The first indictment contained but one count, and that for forgery only."

S. F. RICE, and JEFF. BUFORD, for the prisoner. 1. Under an indictment for the forgery of an instrument, a conviction may be had on proof of uttering and publishing it as true, knowing it to be forged.—Thompson v. The State, 30 Ala. 28 ; Bishop v. The State, 30 Ala. 36 ; Code, § 3165. Consequently, an acquittal, under an indictment charging it as forgery, is a bar to another indictment charging the felonious uttering and publishing as true. As to the plea of former acquittal, see 1 Waterman's Archbold, 360, note ; ib. 362, note ; Henry v. The State, 33 Ala. 400; 26 Penn. 513 ; 13 Mass. 245; 12 Pick. 496 ; 17 Pick. 395; 1 Johns. 66 ; 9 Yerger, 357 ; 19 Ohio, 423.

2. The indictment should have been for forgery. Knowingly to utter a forged instrument is only evidence of a prior forgery thereof.—Code, § 3165 ; Bishop v. The State, 30 Ala. 39. The Code furnishes no precedent for an

indictment framed as this was, because the offense charged was covered by another precedent.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—It is a rule in 'this court, too well settled to be now questioned, that we will indulge every reasonable presumption in favor of the correct ruling of the primary court; and that we will not presume the existence of facts, not shown by the record, with a view to the discovery of grounds on which to base a reversal. The party excepting to the action of the court below, must set out so much of the evidence as is necessary to show that in its rulings that court erred to his prejudice. Shep. Dig. 436, §§ 16, 17, 18, 19; *ib.* 463, § 78.

To bring this case within the principle settled in the cases of Thompson v. The State, (30 Ala. 28,) and Bishop v. The State, (*ib.* 34,) the indictment on which the present defendant was tried must have been preferred in Barbour county, charging the offense of forgery to have been committed in that county. Moreover, the *uttering* and *publishing* as true, *knowing* the order to have been forged, &c., must have taken place before the former indictment was found. Unless both of these facts existed at the time of the former prosecution, it was not possible to have tried and convicted the defendant under the former indictment, for the present offense of uttering and publishing as true.—Waterman's Archbold, 13, 14, and notes; Com. v. Mortimer, 2 Va. Cas. 325; Com. v. Wade, 17 Pick. 400; State v. Ray, 1 Rice, 1; 2 Hale, 245; Hite v. State, 9 Yerg. 357; Burns v. The People, 1 Park. C. C. 183; Com. v. McCloud, 2 Dana, 244; Com. v. Roby, 12 Pick. 496.

The only recital of the evidence in the present record is, "Defendant proved, that he was heretofore indicted and tried for the forgery of the same writing with the uttering of which he is charged in the indictment in this case, and upon such trial 'he was regularly acquitted." Under the rules above declared, we are not authorized to suppose the existence of other testimony, and on such

Harrison v. The State.

supposed testimony to reverse this case. Taking the above recital as the whole of the evidence on the plea of former acquittal, it does not appear that "the facts alleged in this, the second indictment, if proven to be true, would have warranted a conviction on the first indictment."—See Price. v. State, 19 Ohio, 423; Hite v. State, *supra*; Rex v. Clark, 1 Brod. & Bing. 473; Rex v. Emden, 9 East, 437; Rex v. Sheen, 2 Car. & P. 634; Heikes v. Com., 26 Penn. State R. 513; Com. v. Cunningham, 13 Mass. 245; People v. Barrett, 1 Johns. 65; 2 Lead. Cr. Cases, 553.

If the record in this case affirmed that the former indictment had been preferred by a grand jury of Barbour county, and that the act of uttering and publishing had been done before that indictment was preferred, we can not say that the plea of former acquittal would not have been sustained.—See Code, §§ 3154, 3165; Thompson v. State, *supra*; Bishop v. State, *supra*; Waterman's Arch. 13–14, and notes. The charge, however, in the present case, viewed in connection with the evidence, is free from error.

[2.] Although, under our statutes, a party may be indicted for forging instruments of certain classes, and convicted on evidence which simply shows that he uttered and published them as true, knowing them to be forged, (see Code, §§ 3154, 3165;) yet an indictment framed as this is, is sufficient.—Code, §§ 3501, 3518, 3519, 3526; see, also, 1 Waterman's Arch. 13, 14, *supra*.

It results from what we have said, that there is no error in this record, available to defendant, and the judgment of the circuit court is affirmed.