McGuire v. The State.

woman "did live in a state of adultery or fornication," but not stating that they thus lived *with each other*, nor otherwise showing that they were guilty of a joint offense, is demurrable for duplicity.

FROM the Circuit Court of Jefferson, on change of venue from Blount.

Tried before the Hon. WM. S. MUDD.

THE indictment in this case charged, "that John Maull, a man, and Mary Johnson, a woman, did live in a state of adultery or fornication, against the peace and dignity of the State," &c. The prisoners demurred to the indictment, "because it did not charge that they lived together, or with each other, in a state of adultery or fornication;" but the court overruled the demurrer.

WATTS, JUDGE & Jackson, for the prisoners, cited *Moore v. The Commonwealth*, 6 Metcalf, 243.

M. A. BALDWIN, Attorney-General, *contra*.

---

## McGUIRE *vs.* THE STATE.

[INDICTMENT FOR FORGERY.]

1. *Oath of petit jury.*—If the jury, in a criminal case, are sworn "well and truly to try the issue joined," this is a substantial compliance with the requisition of the statute, (Code, § 3478,) and is sufficient.

11

2. *Conclusion of indictment.*—If an indictment concludes "against the peace and dignity of the State of Alabama," it is not necessary that each count in it should so conclude.

3. *Sufficiency of indictment, in description of forged instrument.*—"An instrument of writing, purporting to be an order, drawn by Sister Adeline, on George Battiste, for nine dollars,"—is a sufficient description, in an indictment, of the instrument alleged to have been forged.

4. *Sufficiency of indictment, in statement of time.*—In an indictment under the Code, it' is not necessary to state the time when an offense was committed, or to allege that it was done before the finding of the indictment.

5. *Abstract charge.*—An abstract charge, or one which is not shown by the record to have been predicated on some evidence before the jury, is properly refused.

6. *What constitutes forgery.*—Under an indictment for forgery, a conviction may be had on proof that the prisoner, with intent to defraud, uttered and published as true a forged instrument, knowing it to be forged.

FROM the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

The indictment in this case was in these words:

"The grand jury of said county charge, that, before the finding of this indictment, John McGuire forged an instrument of writing, purporting to be an order, drawn by Sister Adeline, on George Battiste, for nine dollars, with intent to defraud. The grand jurors further charge, that John McGuire forged an order for money, in words and substance as follows: 'Mr. George Battiste will please pay to Mr. McGuire nine dollars, by order of Sister Adeline,' with intent to defraud; against the peace and dignity of the State of Alabama."

The defendant demurred to the indictment; and assigned the following grounds of demurrer: "To the first count, because it does not set out the tenor or substance of the instrument charged to have been forged, nor does it show any reason for not so setting out said instrument; and because it does not conclude, 'against the peace and dignity of the State of Alabama; and to the second count, because it does not allege or name any day or time when the said offense was committed." The court overruled the demurrer, and the defendant excepted.

" On the trial," as the bill of exceptions states, " there was some evidence tending to show that the forged instrument was in the words in which it was described in the indictment. There was some evidence, also, tending to show that the defendant went to George Battiste, to get the money of John Martin; that Battiste told him he must get an order from the head sister of the ' Sisters' Hospital,' before he could get it; that the defendant went away, and came back with such an order, and an order for nine dollars, signed ' Sister Adeline,' and got the money for the latter order. The prosecuting attorney asked a witness, if there was a person in the ' Sisters' Hospital' by the name of ' Sister Adeline.' To this question the defendant objected, and reserved an exception to the overruling of his objection."

" The defendant asked the court to give the following charges: ' 1. If the jury believe that *Sister Adeline* is a fictitious name, they cannot find the defendant guilty of forgery.' ' 2. They cannot find the defendant guilty, unless it was proved that he wrote the order in Mobile county.' The court refused these charges, and the defendant excepted to their refusal."

The judgment-entry recites, that the jury were sworn " well and truly to try the issue joined;" and that their verdict was, " guilty of forgery in the second degree."

BEN LANE POSEY, for the prisoner.

M. A. BALDWIN, Attorney-General, contra.

STONE, J.—The oath administered to the jury in this case was sufficient.—*Crist v. The State*, 21 Ala. 137 ; *Pile v. The State*, 5 Ala. 72.

[2.] The indictment concludes, "against the peace and dignity of the State of Alabama," and that is sufficient. Const. Ala., art. 5, sec. 17.

[3–4.] Each count in the indictment is sufficient.—Code, §§ 3158–65; Code, 703.

[5.] There is no evidence in the record that *Sister Ade-*

*line* was a fictitious person; and therefore, the first charge asked was abstract, so far as we can discover. There was no error in refusing it.

[6.] The second charge asked, should not have been given. It demands an acquittal, if the evidence failed to prove that the order was *written* by the defendant in Mobile county. If the proof showed that the prisoner, in Mobile county, uttered and published the order as true, knowing it to be forged, and with intent to defraud, the law requires that he should be adjudged guilty of the forgery of the instrument. The charge restricted the right to convict within too narrow bounds, and was rightly refused.—Code, § 3165; *Thompson v. The State*, 30 Ala. 28; *Bishop v. The State, ib.* 34.

Judgment of the city court affirmed, and its sentence to be executed.