[De Bardelaben v. State.]

# De Bardelaben *et al. v.* The State.

### Indictment for Larceny, and Receiving Stolen Goods.

1. *Presumption as to regular empanelling of jury.* — A recital in the record, that the defendants came in person, and by attorney, " and pleaded not guilty to the charge in the indictment made, and thereupon came twelve persons, having the qualification required by law, as petit jurors, and were sworn," &c., is sufficient, on error, to show that the jury was regularly empanelled.

2. *Oath of petit jury.* — A recital in the record, that the jury was " sworn, under the forms of law, to try the issues joined between the State of Alabama and the defendant," shows a substantial compliance with the requisitions of the statute (Rev. Code, § 4092).

3. *Punishment of grand larceny.* — On a conviction of grand larceny, or knowingly receiving stolen goods of value greater than one hundred dollars (Rev. Code, §§ 3706, 3710), the court has no authority to sentence the prisoner to imprisonment in the county jail, since the statute only prescribes imprisonment in the penitentiary; but, on the reversal of such erroneous judgment, the cause will be remanded, not for a new trial, but that the proper judgment may be rendered.

FROM the Circuit Court of Autauga.
Tried before the Hon. JAMES Q. SMITH.

THOS. H. WATTS, for the prisoners.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The defendants were indicted and convicted in the circuit court of Autauga county. The indictment contains two counts : the first charging the larceny of a bale of cotton of greater value than one hundred dollars ; the second, the receiving and concealing, or aiding in concealing a bale of cotton of like value, knowing it to have been stolen, without the intent to restore it to the true owner. There was a trial, a verdict of guilty against De Bardelaben on the first count, and against Williams on the second count, followed by a judgment of conviction, and the sentence of De Bardelaben to two years' imprisonment in the penitentiary, and of Williams to two years' imprisonment in the county jail. To reverse this judgment, this appeal is prosecuted.

1. The error first insisted on is, that it does not appear a jury was elected, empanelled, and sworn to try the defendants. This objection is not supported by the record. All reasonable presumptions are, on error, indulged in favor of the regularity of the proceedings of the primary court. If any hypothesis, consistent with the recitals of the record, fairly construed, can be adopted, which will support the proceedings, it must prevail over another hypothesis which would vitiate them. This is a consequence of the rule, so often declared, that error must be affirmatively shown, and that a presumption of correctness attaches to the proceedings, until they are shown to be

erroneous. The recital of this record is, that the defendants "came in person, and by counsel, and pleaded not guilty to the charges made in the indictment, and thereupon came twelve persons having the qualifications required by law, as petit jurors, and were sworn under the forms of law, to try the issues joined between the State of Alabama and the defendants,. of not guilty," &c. The trial by these persons, who were sworn as jurors, was not objected to by the defendants in the primary court, and it is a fair, if not a necessary presumption, on error, that the jury was elected, empanelled, and sworn. Any other presumption would be of error, and not of the correctness of the proceedings.

2. The next objection is, that the oath prescribed by the statute does not appear to have been administered to the jury. This seems to have been a favorite ground of objection to the regularity of criminal convictions. The court has met, and now meets with it, often during the term. In the case of *Bill Gardner* v. *State*, at the June term, 1872, Ch. J. PECK reviewed the former decisions of this court, and deduced from them this rule : In cases of felony, if the record purports to recite or set out the oath administered to the jury, and an essential part of the oath prescribed by the statute is omitted, a judgment of conviction is erroneous. If, however, the record does not purport to set out the oath, but states that " the jury were duly sworn according to law," or " was duly sworn," in either case, the presumption attaches that the jury were properly sworn. In this case, the record does not purport to set out or recite the oath administered to the jury. It professes only to recite the fact that the jury were sworn according to law. The recital is, " and were sworn under the forms of law, to try the issues joined between the State of Alabama and the defendants." This is a substantial compliance with the requisitions of the statute. *McGuire* v. *State,* 37 Ala. 161 ; *Crist* v. *State*, 21 Ala. 137 ; *State* v. *Pile*, 5 Ala. 72.

The next objection urged is, that it does not appear the defendants were personally present in court, when the verdict against them was received. We think the record does affirmatively disclose their presence.

The objection is separately urged by the defendant Williams, that the judgment and sentence against him is unauthorized by law. This objection is well founded. The statute does not authorize punishment by imprisonment in the county jail. The punishment prescribed is either imprisonment in the penitentiary, or hard labor for the county. The sentence against Williams must, therefore, be reversed, and the cause remanded as to him ; not for a new trial, but that the court may pronounce a proper sentence. As to the defendant De Bardelaben, the judgment is affirmed.