## William Simco v. The State.

1. FORMER JEOPARDY. — Appellant was indicted May 27, 1879, for theft of a mare, mule, and wagon. On the trial the jury were given in charge the law applicable to embezzlement, as well as the law of theft, and were instructed that if they found the facts constituted embezzlement they could find him guilty of that offence. He was convicted of embezzlement, and on his appeal the judgment was reversed, for the reason that at the time of the commission of the offence it was not competent to convict of embezzlement on an indictment for theft. Subsequently, the indictment for theft was dismissed and a new indictment presented for embezzlement of the same property. To this prosecution he pleaded former jeopardy, alleging that the transaction was identical with that for which he was prosecuted under the indictment for theft. *Held*, to present no defence. A defendant convicted under an illegal indictment, or to whom a new trial has been awarded, is not exempt from a second prosecution for the same offence.

2. AUTREFOIS ACQUIT. — To sustain a plea of *autrefois acquit*, it must appear that the defendant had been acquitted by a jury in a court of competent jurisdiction of the offence charged against him, and the plea of former acquittal is not a bar unless the first indictment was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment.

3. SAME. — The plea of *autrefois acquit* is only available in cases where the transactions are identical, and the two indictments are susceptible of, and must be sustained by, the same proof. The identity of the transaction charged in both indictments, and the efficacy of the proof to sustain both, are two elements that must combine, and both are indispensable to the sufficiency of the plea.

4. AUTREFOIS CONVICT. — To sustain the plea of *autrefois convict*, it is only necessary that it be made to appear that the transaction or facts constituting the offence be the same. See the opinion in this case for distinctions fully drawn between the defences of *autrefois acquit* and *autrefois convict*.

5. PRACTICE. — It is not error for trial courts to instruct juries to disregard special pleas which present no defence in law to the prosecution.

6. SAME. — It is the duty of courts to determine the legal sufficiency of pleas, and they are not called upon to submit to juries, for their findings, special issues which constitute no defence in law.

7. ADMISSIONS OF COUNSEL — PRACTICE. — Before the rendition of a verdict in a criminal case, an attorney cannot, without the consent of his client, admit any fact necessary to a conviction; but this rule does not inhibit counsel, in preparing a statement of facts, from agreeing, after judgment, as to the conclusion and effect of evidence adduced on the trial.

APPEAL from the District Court of Tarrant.    Tried below before the Hon. A. J. HOOD.

The opinion of the court sufficiently states the facts upon which this appeal was predicated.

The appellant was placed on trial under the second indictment on the 14th of July, 1880, and was convicted and sentenced to the penitentiary for the period of ten years, from which judgment of conviction he prosecutes this appeal.

*Byron G. Johnson* and *J. M. Thompson*, for the appellant.   In the statement of facts, as well as by the demurrer, it is admitted that the facts and transaction on which the two indictments were founded are identically the same in every particular, and that the facts set up in defendant's special plea of the former jeopardy are true.

The only issue then is, is the plea of former jeopardy good in law, or is it bad?   If good, the judgment must be reversed and the case dismissed.   If bad, the judgment must be affirmed.

Sect. 14 of the Bill of Rights says :   " No person for the same offence shall be twice put in jeopardy of life or liberty ; nor shall any person be again put on trial for the same offence after a verdict of not guilty in a court of competent jurisdiction."

Provisions similar to these are found in the constitutions of all the States.   But it will be observed that in our Bill of Rights the provisions are expressed in the most liberal terms, showing that the framers of our organic law had the highest possible regard for the rights and liberties of the people of the State, and justifying and demanding the application of the more liberal rules in interpreting such provisions.

The Legislature of our own State, in the same liberal spirit, has given us a legislative interpretation of that clause in the Bill of Rights.

Art. 553, Penal Code, says: "A former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offence, but shall not bar a prosecution for any higher grade of offence over which the court had no jurisdiction, unless the trial and judgment were had upon indictment or information, in which case such prosecution shall be barred for all grades of the offence."

The first trial was had November 12, 1879. This statute was then in force. Appellant was first tried on an indictment for theft, and the verdict of guilty of embezzlement was, in law, equivalent to an acquittal of the charge of theft.

There is no difference whatever between the former prosecution and the present, except in the name of the offence as denominated by the county attorney in drafting the two different bills of indictment. In other words, the county attorney has sought to change the nature and gist of the offence by naming it to suit his own fancy, at the same time admitting that the facts, transaction, property, ownership, time, and venue are in every respect identically the same in both cases. Can this be done? What is a crime or offence? Webster defines it to be " the commission of any act forbidden by law." Sir William Blackstone says: "A crime or misdemeanor is an act committed or omitted in violation of a public law either forbidding or commanding it." 4 Bla. Comm. 5; 4 Denio, 260.

Then it is the act, and not the name, that makes the offence. The Supreme Court of Georgia has decided that a conviction or acquittal on one indictment will bar a second " whenever the proof shows the second case to be the same transaction with the first." *Roberts* v. *The State*, 14 Ga. 8; *Copenhagen* v. *The State*, 15 Ga. 264.

We have said that the act which violates the law constitutes the offence against the law. Then, if appellant has once been indicted and tried for the same acts in the same

transaction, identical as to property, ownership, party, time, and venue, upon the same evidence, by the same State's witnesses, — it matters not under what name the offence was charged by the attorney who drafted the first indictment, — he cannot now be indicted and put upon trial for the same acts, in the same transaction, identical with the first case as to property, ownership, party, time, venue, witnesses, and evidence ; for the Constitution and the statute law declare that " no person for the same offence shall be twice put in jeopardy of life or liberty ; nor shall a person be again put upon trial for the same offence after a verdict of not guilty." In *Vestal* v. *The State*, 3 Texas Ct. App. 648, we have a clear and forcible illustration of the doctrine above enunciated. In that case there were two prosecutions upon two separate and distinct indictments. The first indictment contained two separate and distinct counts : first, for an unlawful assembly, under arts. 1984, 1989, Paschal's Digest ; second, for a riot, under arts. 1996, 2001, Paschal's Digest. Upon this indictment the defendant was placed upon trial. During the trial, and before verdict, the prosecuting attorney stopped, entered a *nolle prosequi* as to both counts, and dismissed the indictment. He then filed a second indictment, based upon the same transaction, charging the defendant with the offence of " unlawfully aiding in the escape of a prisoner," under art. 1950, Paschal's Digest. To this second indictment the defendant interposed a plea of " former jeopardy," setting up all the facts and pleading the first indictment as a bar to the second. Although the two indictments were nominally and mechanically for different offences, punished under different sections of the Penal Code, and although the evidence required to convict on the first indictment was different from that required to sustain the second, the court sustained the plea of former jeopardy and held the first indictment to be a bar to the second prosecution. Now, let us draw the line of distinction between the cases presented in the two bills of indict-

ment. To convict on either count in the first indictment, it was necessary to prove a conspiracy or combination of three or more persons for the unlawful purposes mentioned in the four sections of the Penal Code upon which said counts were based. Proof of such a conspiracy or combination of only two persons, or proof of the unlawful act of the defendant alone, would have been insufficient to sustain the indictment, and an acquittal would have resulted. Now, mark you, to convict on the second indictment it was not necessary to prove a conspiracy or combination of any number of persons, or any act on the part of such persons in conspiracy calculated to effect the escape of the prisoner. It was only required to prove that the defendant Vestal, individually, had done some act calculated to effect that object; for the statute above named, upon which the second indictment was based, reads as follows: "If any person shall wilfully aid in the escape of a prisoner," etc., etc., "by doing an act calculated to effect that object, he shall be punished," etc. Thus we see that it required evidence of different facts to convict on either of the two indictments; yet the Court of Appeals held the plea of former acquittal to be good, because the offence charged in the first indictment and that charged in the second indictment grew out of one and the same identical transaction — thereby enunciating the principle that it is the criminal act, and not the name, that constitutes the offence.

So, in the case at bar, if the second bill of indictment is founded upon facts growing out of the same transaction upon which the first prosecution was based, then the second is barred by the first, notwithstanding the fact that more evidence may have been required to convict of the theft under the first than is required to convict of embezzlement under the second indictment. It was all the same transaction (and exactly the same evidence), and the county attorney had the right, after investigating all the facts of the case, consulting with the State's witnesses, and examining

them before the grand jury, to elect what offence to prose-
cute for; but after he has elected he must stand by his
election.   Let us admit that the transaction forming the
basis of the two indictments in this case is subject to be
split up into several specific crimes.   Mr. Bishop, in his
valuable work on Criminal Law, says: "But for this
division there could be no such thing as a former jeopardy
pleaded,   *   *   *   because otherwise it could never be
said that the two transactions charged were the same.   In-
deed, the doctrine that there shall be no second jeopardy
for the same offence is based, *ex vi termini*, on the division of
criminal transactions into specific offences.   It is a principle
prevailing in probably every system of jurisprudence, cer-
tainly in ours, that when a matter has fairly passed to final
adjudication it cannot be litigated in any fresh suit between
the same parties."   1 Bishop's Cr. Proc. (4th ed.) 825,
826; Broom's Leg. Max. (2d ed.) 241.

Chief Justice Waite, of the Supreme Court of Connecti-
cut, rendering an opinion, said: "I take it to be a sound
rule of law, founded upon the plainest principles of natural
justice, that where a criminal act has been committed, every
part of which may be alleged in a single count in an indict-
ment and proved under it, the act cannot be split into sev-
eral distinct crimes and a separate indictment sustained
upon each.   Whenever, in any criminal transaction, a felo-
nious intent is essential to render it a crime, and without
proof of which no conviction can be had, two informations
founded on the same intent cannot be sustained."   *Wilson*
v. *The State*, 24 Conn. 70.

This is certainly sound law, and Mr. Bishop, remarking
upon it, says: "It would be a very bold thing for any man
to say   *   *   *   that the weight of judicial reason is not
clearly with this opinion by Chief Justice Waite."   1
Bishop's Cr. Proc. (4th ed.), sect. 894, note 1, last part.

If the rule were different it would certainly give rise to
an unlimited degree of oppression and gross abuse of power

on the part of grand juries and prosecuting attorneys. A county attorney could keep a citizen in jail and repeatedly on trial for four or five years in succession, and never convict him of anything, and thereby cruelly punish the prisoner for his own ignorance of the law in not knowing how to carve a proper offence out of a certain transaction. The case at bar for an instance. The appellant was first indicted for "theft" of property which he had obtained of P. D. Williamson. The jury acquitted him. Then the county attorney could draft an indictment for "swindling," on the same facts, and therein charge the defendant with obtaining Williamson's said property under false pretences. Of course, the result would be a verdict of acquittal, after the defendant had lain in jail probably six months awaiting a trial on the second indictment. Then the prosecuting attorney, after having taken two lessons in law and a lecture from the Court of Appeals in an opinion of reversal, could go again before the grand jury and prefer a third indictment against the defendant, charging him with "embezzlement," upon the same identical transaction, and put him upon trial the third time for the same offence. In this case the indictment for theft was preferred and filed on the twenty-seventh day of May, 1879, and the defendant held on trial under that indictment until the first day of June, 1880, when the indictment for embezzlement was preferred, thus lying in jail for more than a year on the first indictment; and when, after a full trial on that indictment, he was acquitted by a jury of his country, he is again indicted for the same transaction, the same offence, and still held in jail, waiting for the prosecuting attorney to study his law-books and exhaust the catalogue of names of the different specific crimes that might be carved out of one criminal transaction! It is an outrage upon the law and the Constitution; it is a disgrace upon the court; it is a shame upon the country!

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. A brief history of this case may tend to elucidate the questions involved in the record on the present appeal. On the twenty-seventh day of May, 1879, appellant, William Simco, was indicted in the District Court of Tarrant County for the theft of a wagon, mare, and mule, alleged to be the property of one P. D. Williamson, and to have been stolen from him on the twenty-eighth day of December, 1878. The indictment was unquestionably a good and sufficient one for theft. The court, with a view to the evidence adduced on the trial, charged the jury upon theft as well as the law with regard to embezzlement, and instructed them that if they found the facts to constitute this latter crime they might so return by their verdict. In accordance with this instruction the jury returned a verdict, and judgment was rendered against the defendant for embezzlement. From that judgment he appealed to this court, and the judgment was reversed, the court holding that, "in a prosecution for theft occurring prior to the adoption of the Revised Code, it was error for the court to instruct the jury to convict of embezzlement if the facts showed the commission of that offence instead of the offence of theft, and that a verdict so found is not supported by the indictment." 8 Texas Ct. App. 406.

On the first day of June, 1880, which was after the case had been reversed and remanded, the grand jury preferred another indictment against the defendant, the county attorney having *nolle prossed* the former, and upon this latter indictment he was brought to trial on the thirteenth day of July following. Defendant pleaded specially, in bar of a prosecution on the second indictment, that he had, by virtue of trial and proceedings on the indictment for theft, been once in jeopardy, the transaction being identical and the offence the same in the two cases ; that the former judgment of conviction for embezzlement was an acquittal of theft as charged in the first indictment, and therefore he pleaded former acquittal as a bar to the prosecution also.

These are the two supposed vital questions submitted and insisted upon in the very able brief of counsel as causes why the second judgment of conviction should be set aside by this court and the case dismissed. In answer to the plea of former jeopardy, we have this to reply: that though the transaction may in every respect be the same in the two cases, the former judgment of conviction was reversed on appeal at the instance of the defendant. Our statutes provide that, when a new trial has been awarded by the Court of Appeals, the cause shall stand as it would have stood in case the new trial had been granted in the court below (Code Cr. Proc., art. 876), and in the lower court "the effect of a new trial is to place the cause in the same position in which it was before any trial had taken place." Code Cr. Proc., art. 783. If a new trial had been granted in the court below on the motion and at the request of the defendant, can or will it be contended that he could successfully plead former jeopardy in bar to a second trial? We think not. Such doctrine was announced by Judge Story in *United States* v. *Gibert et al.*, 2 Sumn. 19 ; but the doctrine is now settled in our jurisprudence to the contrary. 1 Bishop's Cr. Law (4th ed.), sect. 847. Judge Davis, who was sitting with him in the case, dissented at the time upon this question. In *The People* v. *McKay*, Chief Justice Spencer remarks: "We know of no case which contains the doctrine that where a new trial is awarded at the prayer and in favor of a person that has been found guilty, he shall not be subject to another trial." 18 Johns. 21. In *United States* v. *Percy* it was held that the meaning of the phrase, "for the same offence to be put twice in jeopardy of life and limb," is that a party shall not be tried a second time for the same offence after he has once been acquitted or convicted, unless the judgment has been arrested or a new trial granted on motion of the party. 9 Wheat. 579. And Mr. Bishop says: "Whenever a verdict, whether valid in form or not, has been rendered on an

indictment, either good or bad, and the defendant moves in arrest of judgment, or applies to the court to vacate a judgment already rendered for any cause, as for many causes he may, he will be presumed to waive any objection to being put a second time in jeopardy, and so he may ordinarily be tried anew." 1 Bishop's Cr. Law (4th ed.), sect. 844. It is expressly provided by statute that, "by the provisions of the Constitution, no person shall be exempt from a second trial for the same offence who has been convicted upon an illegal indictment or information and the judgment thereupon arrested; nor where a new trial has been granted to the defendant," etc. Code Cr. Proc., art. 20. See the rule fully discussed and announced in *Parchman* v. *The State*, 2 Texas Ct. App. 228.

What is the difference in principle or the rule where the defendant, by a voluntary appeal of his case, obtains a new trial by getting the judgment reversed? We confess we can perceive none; it applies equally as well in the latter as in case the new trial had been granted in the court below. This disposes of the question of former jeopardy as made in the case at bar.

But it is said that the verdict of guilty of embezzlement on the first trial was an acquittal of the charge of theft, and that, the indictment being for theft, and being good, and the transaction upon which the two indictments are based being identically the same, the plea of former acquittal is a good plea in bar of the prosecution for embezzlement, and should have prevailed and defendant been discharged. Our statute, in prescribing the only special pleas which can be heard for the defendant, names former conviction and former acquittal, and provides that the character of the latter plea shall be, "that he has been before acquitted by a jury of the accusation against him, in a court of competent jurisdiction, whether the acquittal was regular or irregular." _ Code Cr. Proc., art. 525. But it must be "for the same offence." Id., art. 21. He

must have been acquitted of the accusation against him, not of another or entirely different accusation growing out of the same transaction. "In *autrefois acquit* it is necessary that the prisoner could have been convicted in the first indictment of the offence charged in the second. * * * The rule seems to be well settled that a former trial (on a plea of former acquittal) is not a bar unless the first indictment was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment." *Irvin* v. *The State*, 7 Texas Ct. App. 78; *Hozier* v. *The State*, 6 Texas Ct. App. 542; *Swancoat* v. *The State*, 4 Texas Ct. App. 105; *Dominick's Case*, 40 Ala. 680; *Foster's Case*, 39 Ala. 229; *Harrison's Case*, 36 Ala. 248.

Now let us apply the rule. As we have seen, in the former case the indictment was for theft; the conviction, for embezzlement. The case was reversed. Why? Solely because at the time the offence was committed — *i.e.*, before the Revised Statutes went into effect — a conviction for embezzlement could not be had on an indictment for theft. *Simco* v. *The State*, 8 Texas Ct. App. 406. Does the fact that the party is now charged with embezzlement, and not theft, alter the rule? We cannot imagine how it can be so. It applies with as much force one way as the other, and *vice versa*. The decision in the former appeal settles the plea of former acquittal in this case.

There is a marked difference in modern practice between the rules which govern the two pleas of *autrefois acquit* and *autrefois convict*, notwithstanding the immense amount of *dictum* and loose expression to the contrary found in the books. *Autrefois acquit* is only available in cases where the transaction is the same and the two indictments are susceptible of, and must be sustained by, the same proof. These two elements must combine, and are both *sine qua non* to the sufficiency of the plea. *Autrefois convict* only requires that the transaction, or the facts constituting it, be the same. To illustrate: If a party be indicted separately for the theft

of three horses, the property of A., B., and C., taken at the same time or in one transaction, and he be tried on the first for the theft of A.'s horse, and the State fails from misnomer, or the defendant by proving A.'s consent should be acquitted, would the plea of that acquittal operate a bar to the conviction on the other trials because the transaction was one and the same? By no means. Why? Simply because the proof necessary to a conviction in the latter cases would not convict in the former. *Albert Pickens* v. *The State*, *ante*, p. 270; 1 Whart. Cr. Law (6th ed.), sect. 557, and authorities cited.

But suppose the party was convicted of the theft of any one of the horses, would a plea of former conviction be a bar to conviction on the other two indictments? Clearly so. And why? Because the transaction — the taking of the three horses at the same time — would constitute but one offence in law (*Wilson* v. *The State*, 45 Texas, 76); and the plea would be good upon the strength of, and by virtue of another rule, well settled in criminal practice, which allows the prosecutor to carve as large an offence out of a single transaction as he can, yet he must cut only once. *Quitzow* v. *The State*, 1 Texas Ct. App. 47. Here is where the doctrine of carving would come in and support the plea. 1 Whart. Cr. Law (6th ed.), sect. 565, and authorities cited in the note.

Another supposed error, and one upon which a reversal of the case at bar is claimed, is that the court committed a grave error in the following paragraph of the charge, viz.: "·In regard to the first plea, — that is, defendant's special plea of former acquittal, — you are by the court instructed that you cannot lawfully acquit the defendant on account of said plea, or on account of the matters and things set out in the same."

It is said that this charge is and was in contravention of our statute, which requires that special pleas must be submitted to the jury, and that the jury must find and return with their verdict whether such plea be true or untrue. Code Cr. Proc., arts. 542, 712; *Brown* v. *The State*, 7 Texas

Ct. App. 619.   A similar question arose in the case of *Martha* v. *The State,* and the Supreme Court of Alabama say : "As the record showed the two indictments to be for different offences, and as a record cannot be gainsaid by parol evidence, it was entirely proper for the court to charge the jury that the pleas of *autrefois acquit* and discontinuance were not sustained by the proof.   This was no invasion by the court of the province of the jury ; for it was the duty of the court to declare the legal effect of the record insisted upon by the prisoner as sustaining her pleas.   As a matter of law arising upon the effect of the record, the pleas remained wholly unsustained."   24 Ala. 72.   The court did not err in the instruction given the jury, because the plea upon its face showed that it was not good, in that it set out a different offence entirely from the case on trial, and its sufficiency might well be decided by the court.   If it was wholly insufficient upon its face, there was no reason why it should be submitted to the jury for a finding upon it.

The remaining question has reference to the sufficiency and legality of the statement of facts as it appears in the record.   So far as the merits of the case are concerned, the statement of facts is in these words : " It is admitted by defendant's counsel that if the special plea of former jeopardy set up by defendant is not good in bar of this prosecution, then the evidence introduced by the State is sufficient to sustain the conviction."   This statement is signed by counsel and approved by the judge.   We see no error in this. The statute provides that the statement of facts may be drawn up and certified and placed in the record as in civil suits.   Code Cr. Proc., art. 784.   In civil cases the parties may agree to a statement of facts, and there is no rule prescribing or limiting the terms or manner in which the agreement shall be formed, or with what particularity.   Rev. Stats., art. 1377.   In a criminal case, whilst it is true that an attorney, before verdict, can make no admission of a fact necessary to conviction without consent of his client, yet,

after verdict and judgment, we know of no rule which inhibits counsel from agreeing, and see no reason why counsel may not agree, as to the conclusion and effect of the evidence adduced on the trial — that is, that it was sufficient to sustain the allegations· in the indictment.

We perceive no error in the conduct of the case or proceedings on the trial in the court below, and the judgment is therefore affirmed.

*Affirmed.*